# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket No. 2:21-cr-00037-NT |
| | ) |
| MARGARET PIECUCH, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION TO SUPPRESS**

Defendant Margaret Piecuch is charged with possessing with intent to distribute fentanyl and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), (C). Indictment (ECF No. 27). Before me is the Defendant's motion to suppress all evidence seized from a car she was driving. Mot. to Suppress Evid. ("**Def.'s Mot.**") (ECF No. 38). For the reasons set forth below, I **DENY** the Defendant's Motion.

## BACKGROUND

At some point prior to January 28, 2020, the Scarborough Police Department received a tip[1] that Piecuch was selling drugs out of building B of the Candlewood Suites in Scarborough (the "**hotel**"). Joint Stip. 1 (ECF No. 52). On January 28, 2020, two Scarborough police officers, Brian Nappi and Craig Hebert, conducted surveillance on the hotel and observed Piecuch drive a Jaguar into the hotel parking lot. Joint Stip. 1. Piecuch was known to drive a blue 2003 Jaguar registered to her

---

[1] This tipster had previously provided information to law enforcement that had led to the successful seizure of drugs. Joint Stip. 1 (ECF No. 52).

(the "**blue Jaguar**"), but it appears that on January 28, 2020, Piecuch was driving a green 2002 Jaguar registered to a third party (the "**green Jaguar**") because the blue Jaguar had been in an accident. Joint Stip. 1 n.1, 5–6.

During the January 28th surveillance, officers observed a man walk from the back of the hotel to the front of Piecuch's car and nod towards Piecuch. Joint Stip. 1. Piecuch and the man then entered the hotel. Joint Stip. 1. After the man came back out and departed in a Nissan Altima, law enforcement conducted a traffic stop of the Altima, during which crack cocaine was discovered. Joint Stip. 1–2.

Officers Nappi and Hebert also saw two other people go inside the hotel and then come back out. Joint Stip. 2. After these people drove out of the hotel parking lot, a traffic stop was conducted on this car, too. Joint Stip. 2. The driver was found in possession of fentanyl, which he/she[2] said was purchased from Piecuch in her hotel room. Joint Stip. 2. The driver also told law enforcement that there were approximately ten grams of heroin and several ounces of methamphetamine in Piecuch's hotel room. Joint Stip. 2–3.

Based on this information, the police sought a warrant to search the hotel room, the blue Jaguar,[3] and any cell phones found in the room or car. Joint Stip. 3. At some point, law enforcement learned that Piecuch had a warrant out for her arrest. Joint Stip. 3. So, when Officer Hebert saw Piecuch get into the green Jaguar and

---

[2] The joint stipulation of facts does not identify the gender of the driver.

[3] The affiant of the warrant did not notice that Piecuch was driving a green Jaguar rather than the blue Jaguar that she had previously driven. Joint Stip. 5.

drive away from the hotel at about 4:30 pm on January 28, 2020, she was pulled over and arrested on the outstanding warrant. Joint Stip. 3.

Upon effecting this arrest, the officers told Piecuch what they had observed during the course of the day and that they were seeking a warrant for her hotel room and car. Joint Stip. 3. Piecuch waived her *Miranda* rights and told the officers that there was nothing in her hotel room but that she had heroin in her purse. Joint Stip. 3–4. The officers knew that that purse was in the car that she had been driving, the green Jaguar. Joint Stip. 4. The officers then had the green Jaguar towed to the police station where it was secured while the police waited for the warrants. Joint Stip. 4. Piecuch's purse and phone were removed from the green Jaguar and separately secured. Joint Stip. 4.

A judge signed off on the warrants for the hotel room, the blue Jaguar, and any cell phones found in the room or car, and, with these warrants in hand, Scarborough police officers searched Piecuch's hotel room. Joint Stip. 4. In the hotel room, the officers found cash, a PayPal credit card reader, and drug paraphernalia, among other things. Joint Stip. 4.

After searching the hotel room, law enforcement searched the green Jaguar, not realizing that it was a different Jaguar than the one authorized by the warrant until after the search. Joint Stip. 5. In searching the car, law enforcement found cash, a check, and two bank cards. Joint Stip. 5. In the purse, the officers found a scale with drug residue, bags of crystal methamphetamine and fentanyl, and drug paraphernalia. Joint Stip. 5.

## LEGAL BACKGROUND

While a warrant is generally required to conduct a search, the "automobile exception" to the warrant requirement allows for a vehicle to be searched if there is probable cause to believe that the vehicle contains contraband or other evidence of criminal activity. *United States v. Simpkins*, 978 F.3d 1, 6 (1st Cir. 2020). While the "ready mobility" of a vehicle was the original justification for the vehicle exception, it is not the only basis for the exception, and the vehicle exception applies equally to vehicles that are not readily mobile. *California v. Carney*, 471 U.S. 386, 391 (1985). If "probable cause exists to believe [that a car] contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). Where the police have probable cause to search a container that is located in a car, the automobile exception allows the search of that container without first obtaining a warrant. *United States v. Schiavo*, 29 F.3d 6, 9 (1st Cir. 1994) (citing *California v. Acevedo*, 500 U.S. 565, 573 (1991)).

"Probable cause exists when 'the facts and circumstances as to which police have reasonably trustworthy information are sufficient to warrant a person of reasonable caution in the belief that evidence of a crime will be found.' " *United States v. Dion*, 859 F.3d 114, 131–32 (1st Cir. 2017) (quoting *United States v. Silva*, 742 F.3d 1, 7 (1st Cir. 2014)); *accord Simpkins*, 978 F.3d at 7 ("A finding of probable cause . . . may be made 'when the totality of the circumstances create a fair probability that contraband or evidence of a crime will be found in a particular place.' " (quoting *United States v. Almonte-Báez*, 857 F.3d 27, 31–32 (1st Cir. 2017))). In evaluating the facts underlying a search, what is relevant is "the collective information known to the

4

law enforcement officers participating in the investigation" rather than what is known by any individual officer. *United States v. Azor*, 881 F.3d 1, 8 (1st Cir. 2017).

## DISCUSSION

The Defendant argues that the search of the green Jaguar was unconstitutional because it exceeded the scope of the warrant. There is no dispute that the officers did not have a warrant to search the green Jaguar. As a result, the search was only lawful if law enforcement had another basis to conduct the search. The Government argues that, independent of the warrant, the police had probable cause to search the green Jaguar.

At the time the green Jaguar was searched, law enforcement (1) had received a tip from a reliable source that Piecuch was selling drugs out of the hotel; (2) had observed a man go into the hotel with Piecuch, and that man was found to be in possession of drugs immediately thereafter; (3) had observed another individual go into the hotel, and that individual, too, was found to be in possession of drugs immediately thereafter; (4) had learned that that second individual had bought fentanyl from Piecuch in her hotel room and had seen methamphetamine and heroin in the room; (5) had seen Piecuch exit the hotel and get into the green Jaguar; (6) had learned from Piecuch that she had heroin in her purse, which was located in the green Jaguar; and (7) had found that Piecuch's hotel room contained cash, a PayPal credit card reader, and drug paraphernalia.

Based on this evidence, the officers had probable cause to believe that Piecuch was dealing drugs and had probable cause to believe that evidence of her drug dealing

would be located in the green Jaguar. These facts permitted a warrantless search of the car. The search of the green Jaguar was thus constitutionally permissible even though it was conducted without a warrant.

The Defendant does not explicitly dispute the existence of probable cause but instead contends that a search of the green Jaguar was impermissible because there was "ample opportunity to request a search warrant." Def.'s Reply to the Gov't's Resp. in Opp'n ("**Def.'s Reply**") 1 (ECF No. 45). The Defendant also contends that the search was not justified by the automobile exception because the "usual concerns about mobility" were not at play, since the green Jaguar had been towed to the police station and secured. Def.'s Reply 1–2. These arguments are foreclosed by precedent. The automobile exception exists independently of whether law enforcement had time to secure a warrant and regardless of the actual mobility of the car at issue. Because probable cause existed to search the green Jaguar, the search was constitutionally permissible.

## CONCLUSION

For the reasons stated above, the Defendant's motion (ECF No. 38) is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 21st day of September, 2021.

6